TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Elsy Ramirez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elsy Ramirez,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Rash Curtis & Associates,<br><br>                    Defendant. | Case No.: 3:15-cv-04706<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  1. **THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>  2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICE ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Elsy Ramirez (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Rash Curtis & Associates (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Antioch, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Marysville, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. On or about May 19, 2015, during a live conversation with Defendant, Plaintiff agreed to make payments on a debt allegedly owed to an original creditor.

13. In the days that followed, Defendant called Plaintiff's work number numerous times in order to reach Plaintiff and for the suspected purpose of finalizing the previous arrangement.

14. For work-related reasons, Plaintiff was unable to take Defendant's calls.

15. Despite the fact that Plaintiff had already agreed to make payments towards the alleged debt and the fact that Defendant already had Plaintiff's work telephone number and knew where Plaintiff worked, Defendant elected to send a written correspondence directly to Plaintiff's employer.

16. On May 21, 2015, Defendant faxed a document to Plaintiff's place of employment entitled "Employment Verification Form" (the "Form").

17. Defendant's Form inquires of Plaintiff's employer in bold type-face, for anyone to see, whether Plaintiff has any "Current Wage Garnishments Or Attachments" and clearly is intended to be used in anticipation of a post-judgment remedy.

18. As Defendant has neither initiated a lawsuit nor obtained a judgment against Plaintiff, is was highly inappropriate for Defendant to send the Form to Plaintiff's employer.

19. Defendant's actions were obviously for the purpose of embarrassing Plaintiff and to pressure her into making a payment on the alleged debt, as Defendant already had confirmation of Plaintiff's employment before the fax correspondence was sent out.

20. Soon after learning that her employer received the Form, Plaintiff called Defendant to express her concern and anxiety, informed Defendant that Plaintiff's employer doesn't allow Plaintiff to take personal calls at work and asked that any further calls to her workplace cease.

21. Despite Plaintiff's request, Defendant continued to call Plaintiff at work.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

24. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

25. Defendant used language in a communication with a third-party that indicates that the Defendant is in the debt collection business and that the communication relates to the collection of a debt, in violation of 15 U.S.C. § 1692b(5).

26. Defendant communicated with Plaintiff at her place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

27. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

28. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

30. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

# COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

35. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

36. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 11, 2015                             TRINETTE G. KENT

By: ___/s/   *Trinette G. Kent*___
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Elsy Ramirez

COMPLAINT FOR DAMAGES